IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,202-01




EX PARTE OTIGUIO FLORES, JR., AKA OTIQUIO FLORES, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 98-5-3746-A IN THE 24TH JUDICIAL DISTRICT COURT
FROM GOLIAD COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child by contact and sentenced to twenty years’ imprisonment. The Thirteenth Court of Appeals
affirmed his conviction. Flores v. State, No. 13-99-699-CR (Tex. App. – Corpus Christi, March 1,
2001). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel refused to allow Applicant to testify on his own behalf, failed to object when Applicant was
twice brought into the courtroom in shackles in the presence of the jury, failed to request an
instruction limiting the jury’s consideration of extraneous offense evidence, and failed to object to
improper arguments by the prosecutor during the punishment stage. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with copies of the trial transcript,
including the guilt/ innocence and punishment stages of trial. The trial court shall make findings of
fact as to whether counsel advised Applicant that the decision of whether or not to testify on his own
behalf was Applicant’s, and if so, whether Applicant changed his mind about his desire to testify
between the close of the State’s evidence and the close of the defense’s evidence. 
            The trial court shall make findings as to whether the defense made a pre-trial request that the
State elect which incident it intended to rely on to prove the charge, and as to whether counsel made
a request for a charge limiting the jury’s consideration of extraneous offense evidence. If counsel
did neither, the trial court shall make findings as to why he did not. 
            The trial court shall make findings as to whether the prosecutor improperly urged jury to
sentence Applicant based on community expectations, and as to whether the prosecutor mis-characterized the effects of a probated sentence during arguments at punishment. If so, the trial court
shall make findings as to whether defense counsel objected, and if not, why not. 
            The trial court shall make findings as to whether the performance of Applicant’s trial attorney
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: August 25, 2010
Do not publish